**RECEIVED**

NOV 12 2024 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
for the
**NORTHERN DISTRICT OF ILLINOIS**

**In the interest of the public**
**For the matter of**

| | | |
|---|---|---|
| **In RE: Jenny L Jefferson** | ) | **Case number:** 2024EV1802 |
| Real party in interest (jus in personarum) | ) | |
| | ) | **EXPRESSING THE TRUST** |
| JENNY LYNETTE JEFFERSON | ) | |
| **infant/minor** | ) | Special Deposit |
| PLAINTIFF | ) | |
| | ) | |
| | ) | 24cv11622 |
| V. | ) | Judge Sunil R. Harjani |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | CAT2 |
| DEFENDANT | | RANDOM |

**BILL OF COMPLAINT IN EQUITY**
**PRESENTMENT TO VOID PROCEEDINGS AND JURIDICTION**

INTRODUCTION AND BACKGROUND

COMES NOW, of the family Jefferson, a natural **living being of majority status** conducting the style condition of **The Principal and Beneficial Title Holder and not an infant/minor, hereinafter "complainant"**. As such I am exercising and well as retaining and reserving all rights, natural, private commercial, incorporeal or otherwise and does tender this claim and makes the claim that the tender was special deposit on the accounts receivable books of the court, via the respondent's commercial filings and/or deposits into the courts registry, who by their own admissions of the compliant showing or causing to show existence or a qualified endorsement.

The respondent has come into this matter related to a trust in the capacity that is unsustainable, and thus is perceived as standing in its unadulterated non-immune capacity and is liable for all damages incurred tax assessments as well as penalties.

On its face it appears that the Respondent's intent and purpose was to take up the election to treat the within reference complaint as a draft, rather than a promise to pay. A complaint is a promise to pay and the person holding the instrument can hold it as either, **the court converted the complaint to a draft (a form of currency conversion)**. There might be cause for one to raise and/or complain that they lack understanding, that such information is foreign to them; and it is at the time that such an individual documents their lack of knowledge for overseeing such a matter that specifically deals with an **express**

1

**trust and the estate of an infant,** which invokes exclusive jurisdiction and not concurrent jurisdiction. This court acts as an administrative venue as a result of the administrative acts and the presidential proclamation 2038, 2039, and 2040 – for which the presidents of the United States have exercised "Emergency Powers Jurisdiction" continuously, from 1933 to the present, according to the Senate report on national emergencies associated with the National Emergencies Act. To ensure this information is not ambiguous, nor is it foreign to government for the Senate of the United States Congress has verified the aforementioned facts.

**Equities Implied Expression of a trust.**

**Minor means an individual under the age of 18 years. The term I'd also used to refer to an individual who has attained the age of 18 years but has not yet taken control of the securities contained in his or her minor account.**

**Minor account means an account that a custodian controls on behalf of a minor, this is referred to as a resulting trust the definition of a resulting trust is:** A resulting trust (from the Latin 'rezalire' meaning to jump back') is the creation of an implied trust by operation of law, where property is transferred to someone who pays nothing for it; and then is implied to have held property for benefits of another person.

**JURISDICTION AND VENUE**

Jurisdiction is proper 'other jurisdiction wherein the constitution, whereby Judicial power, SECTION authorizes such out of necessity. The Judicial power shall be vested in one Supreme Court, (who may extend such powers in a Court of Appeals, in Metropolitan Courts), and in such other courts and may be established by positive law i.e., equity, as equity is the law, as equity is everything and law without equity **must still render equity.** Therefore, this court has the power to decree in equity upon this **Express Trust matter** in-camera/chambers. And may enforce the Bill of Rights put forth in this bill as expressed in the Constitution.

We must remember, as shall be discussed briefly in a moment, that an attorney who represents an individual who has not yet attained the age of majority is said to represent a ward of the court. An attorney holds an administrative position as an officer of the court and as such the attorney becomes for the ward an appointed guardian ad litem. **Now in proof that the trust exists** and is for all necessities and purposes a "RESULTING TRUST", in that upon attaining majority, the securities, assets, properties, of the infant estate becomes **the rightful property of the beneficiary who has attained the age of majority.** Seeing that this is a "resulting trust" by operation of law and as a result of the principles of equity, and that it involves a minor and/or infant and/or the properties of an infant, the proper jurisdiction is that of equity who has and maintains a right to such inherent jurisdiction.

## RULE OF LAW

Whereby this cause, being a compliant in **exclusive equity jurisdiction**, (as it directly involves the property/estate/securities of an infant/minor), cites the rule of law as follows upon:

### Bill of Rights

No person's (to include infants/minors) property shall be taken. Damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and, when taken, except for the use of the state, such compensation shall be first made or secured by deposit of money.

## JURISDICTION OF COURTS OVER THE ESTATES OF INFANTS

**Jurisdiction over the estate of an infant is inherent in equity**, but it may also be vested by administrative constitutional and administrative statutory provisions in particular courts; the administrative institutions of proceedings affecting an infant's property makes the infant a ward of the court (held in trust, for such the seizure of rights and/or property could only be instituted as a result of a prior relationship i.e. a special relationship, whereby the infant/minor is the beneficiary, the state (court) the settler and its agents and/or officers trustees, constituting a trust relationship, in equity), which has broad powers and the duty to protect his or her interests.

**Courts of equity have GENERAL AND INHERENT JURISDICTION over the property of infants**. Primary jurisdiction over the estate of infants may, under administrative constitutional or administrative statutory provisions, be vested in the probate, county, district, or other specific court.

**The jurisdiction can be exercised only when the court has acquired jurisdiction as to the particular infant/minor or subject matter** (jurisdiction over estates/trusts are exclusive in nature over which courts of equity have exclusive jurisdiction, and such matters much be heard at equity). The commencement of a proceeding affecting the infant's property best the court with jurisdiction over his or her estate, pursuant to which the court acts in loco parentis or as a guardian, and the infant becomes its ward. **It is the duty of the court to safeguard the infant's property interests with great care, i.e. in trust.**

After the jurisdiction of the court has attached, either through an appearance which equates to submitting to the court's jurisdiction, and/or a plea being entered by the infant/minor, the court in its administrative capacity had broad, comprehensive, and plenary powers over the estate of the infant/minor. This court may adjudicate the rights and equities of the infant and property, **yet only in equity** and it may

3

cause to be done whatever may be done to preserve and protect the infant's estate which includes the property/assets of said estate. However, the exercising of such power must be tempered with reasonable limitations, and one major limitation is that courts of equity have exclusive jurisdiction over the property/assets of an infant. Therefore, **the court cannot act in violation of administrative constitutional or statutory limitations on its powers,** or permit the impounding of the infant's funds for the creation of a **trust,** which the court or parties have done by establishing the instant matter, and this attempt to deprive the infant/minor of the right to absolute enjoyment on the funds of one was come forth now, **and is appearing at the age of majority in correction of any presumption by previous actions or appearances in this matter.**

An infant is not competent to waive the administrative statutory requirements enacted for his or her benefit and protection. With respect to the way jurisdiction of the court may be exercised. Unless and until they attain the age of majority, then they can either petition for the removal of minor's disabilities and or Express the trust.

## JURISDICTION OF COURTS OVER ESTATES OF INFANTS/MINORS-JUDICIAL ALLOWANCES FOR SUPPORT, MAINTENANCE AND EDUCATION

Respondent(s) could not have had a valid claim against infant/minor without personal knowledge and a copy of Photo, Fingerprints, A Forced Plea, Coercion, threats, False imprisonment, a false commercial claim is/are not considered lawful evidence and/or knowledge because such copies are held as a forgery, evidence of involuntary servitude.

Furthermore, courts in conducting "commercial" business of the court must give/disclose to or upon a party upon demand the bookkeeping entries (both receivables and payables) with an affidavit, and demand is hereby made for immediate production, or all evidence is hearsay evidence into the court. The infant/minor having attained the age of majority hereby challenges the bookkeeping and demands the full accounting on the accounts receivable and accounts payable and all dividends, profits, rents, escrow, ext. resulting from deposit of TRUST/Estate of the ward/beneficiary into the courts accounts receivable and other general intangibles.

### MOVEMENT OF OR RELIEF

**Complainant is entitled to the relief of damages in equity,** as equity must cause equity to be done, though the heavens fall; Complainant is entitled to relief in the form of damages for the following reasons:

Respondent(s) has taken the private property of the complainant under extreme duress and threat of violence against complainant's life, property, liberties without just compensation, without the expressed and/or written consent of complainant. Respondent had a duty to respond to all complaints and

4

questions because of the legal **special relationship** of the parties and by not responding the Respondent is in breach of trust, because the infant estate and duty of care associated therewith/thereto is an Express trust:

**"Verified Memorandum of Principles of law and Points of Authority on Express Special Relationship Trusts."**

The courts and its officers are legal title holders of not only the Express trust, but also the constructive trust.

As now has been placed on the record I share the same or similar name as the named defendant in their Case #2024EV1802_____. However, for clarification, I am not now acting in the capacity as the named defendant, I am the beneficiary and equitable title holder. None of this information is foreign to the court, this matter must proceed I equity, failure and/or refusal to proceed at equity, under exclusive jurisdiction will constitute contempt of justice.

**ELEMENTS OF A TRUST:**

1. Settle/Grantor/A Trustee – intended to create a trust, which is perceived by the reasonable observer, as in the case of the New Deal and the several Federal Acts and associated State regulations-

    (a) The Emergency Banking Relief Act of March 9th, 1933

    (b) The Social Security Act of 1934, the trust Indenture Act

    (c) The Social Security Trust

    (d) The Treasury Trust Fund

    (e) The Public Trust and the Administration thereof

These are each specific and Special RELATIONSHIP Agreements, as they are specifically designed and voluntarily submitted to as required by the 13th Amendment authorizing such.

2. Rights Must Be Identified

    (a) As evidenced by Due Process of Statutory Provisions and the 14th Amendment section.

3. Identification of beneficiary – whom the property is held on Behalf on (held in-trust)

4. Shares/Assets/Property must be identified

5. The Trust Must be Workable

6. Must have an ending i.e. can't last forever

All Elements of a Trust Are Present – 31 CFR 363.6

**Minor means as individual under the age of 18 years. The term minor is also used to refer to an individual who has attained the age of 18 years and has not yet taken control of the securities contained in his or her minor account.**

5

Minor account means an account that a custodian controls on behalf of a minor, that is linked to the custodian's primary account. (See 31 CFR 363.10 and 363.27 for more information about minor accounts.)

**The Settlor is Federal Government** directly and through the state and local governments (this indication is specified by the use of the Lower Cased "state" and "government", and other proper nouns). Through various acts or Congress, and through the Age of Majority Act's.

The identity of the **Equitable Beneficial Title Holder is the Minor** both un-attained and attained, until they control the securities/shares in the trusted account.

The Rights are Identified by **the right to attain the Age of Majority, to gain control of Securities Held in one's Minor Account** and to be free from minor disabilities.

The Trust is workable in that the Custodian/Fiduciary/Trustee/Ministerial Clerk must hold the minor/infant account in trust on/for the benefit/behalf of a minor/infant, that is linked to the custodian's primary account (in Most Instances the Federal and State Treasuries).

The Trust may not last forever as it and the duties of all parties end upon the attaining the Age of Majority and documenting such in a definitive manner by attaching an affidavit attesting such as his or her BIRTH CERTIFICATE – NOT THE PRINCIPAL:

**The register of titles is authorized to receive for registration of memorials upon any outstanding certificate of an official birth certificate pertaining to a registered owner named and said certificate of title showing the date of said registered owner, providing there is attached to said certificate an affidavit of an affiant who states that he/she is familiar with the facts recited, stating that the party names and said birth certificate is the same party as one of the owners name and said certificate of title, and that thereafter the register of titles shall treat registered owner as having trained the age of majority as of the date of 18 years after the date of birth shown on said certificate;**

The aforementioned is a general court rule, meaning that it applies in principle in all birth certificate attaining related matters, and administrative proceedings. **A power of attorney** title in part -; *Noear, Jenny-Lynette Jefferson power-of-attorney-general IN FACT"*, A PRIVATE SPECIAL RELATIONSHIP EXPRESS TRUST, encompassing all related matters and associated properties is at issue invoking EXCLUSIVE JURISDICTION AT/IN EQUITY.

**This matter does not involve a statutory and/or constitutional provision respecting a minor and or infant. This matter exclusively and specifically involves an estate/trust and the property of an infant/minor under equitable law.**

Generally, an infant acquires Property rights, but he or she is not regarded as capable of managing his or her property. Hence, the law does not entrust him or her with the custody or control of his or her

estate.  The reason an infant/minor is not capable of managing his or her own property is because they have not yet attained the age of 18 and or taken control of the securities, assets, properties, held in their minor account, a general principle of equitable law.

Generally, as an equitable principle, the statute of limitations is suspended as against infants during their disability, or either do not begin to run against an infant until obtaining of majority or where infancy does not tell the statues **the infant is allowed a statutory period after attaining majority** to contest any adverse possessions which commence during infancy.  Here the inference is upon the infant attaining the age of majority, the same with respect to a minor and/or juvenile, and as noted such a person/individual shall remain a minor and or infant until such time as they gain control of the assets held in their minor account through equity.

With this supporting affidavit the complainant stated that this court in good conscience and good reason shall aid the complainant in his prayer or **show cause via facts and conclusions of equitable law** why he is not entitled to just compensation and other equitable relief to which he is entitled as equitable beneficial title holder.

The complainant pays to this court for damages in the amount as specified in the contract and the value of the full estate plus interest, for the court is under obligation in the exercise of its inherent equitable powers to do equity.

Complainant additionally pays for **an injunction to issue** against Respondent and the Attorney for taking of trust property, private information and solicitation against the complainant where he is not entitled to act against the trust with just or any other cause.  For such is construed as intermeddling with the estate of the infant/minor, for which they are strict and severe penalties.

Damages – The power to award damages in a proper case, as a necessary incident to other purely equitable relief and in the same decree, is fully admitted and even to award damages alone in very special cases; but the jurisdiction has been exercised with the utmost caution and reserve.  See JUDICIAL INTERPRETATION OF JURISDICTION, Pomeroy, Equity Jurisprudence

A court of equity Grant's the relief of compensatory damages in connection with some other specific relief, and under very peculiar circumstances it decrees the payment of damages alone.  Several kinds of equitable suits are wholly pecuniary in their relief, as those for contribution and exoneration.

Maxims of Equity and Adjudication States that a court of equity (ss 56) to protect and enforce rights to property the object of suits in chancery.  The term "property" as used in this section, includes that is subject of exclusive individual ownership; or, to be more specific, includes not only lands, houses, goods and chattels, right and credits, but so a  man's person, and his wife and minor children and his and their reputation, health and capacity to labor, and his and their right to enjoy the senses of sight, smell, hearing, and taste and his and their right to speech and locomotion, and his and their right to enjoy their

sense of moral propriety when normal. As men live by their labor and property no man is presumed to part with either without receiving or expecting an equivalent in value. Hence, whenever one person has obtained either the labor or property of another he should pay or account therefore, unless he can prove it was a gift; and so whatever injury one person does to another's property or capacity to labor should be made good.

I declare under the laws of United States of America that the foregoing is true and correct. Executed on this 9 day of October of 2024.

By: Jenny-Lynette: Jefferson
As: Complainant and equitable **beneficial** title holder
Jenny-Lynette: Jefferson